# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENETECH, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5814** |
| **INFINITY SURETY AGENCY, LLC, ET AL.** | **SECTION "N" (2)** |

## ORDER AND REASONS

Presently before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 5). As stated herein, **IT IS ORDERED** that Plaintiff's motion to remand is **GRANTED**. Accordingly, **IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

## ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The subject matter jurisdiction provided by 28 U.S.C. § 1332 requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. It also requires complete diversity of citizenship between the plaintiff and all properly joined defendants. *See* 28 U.S.C. § 1332. A plaintiff may not join a non-diverse defendant in a suit to defeat diversity jurisdiction *unless* the plaintiff has a viable claim against that defendant. "The burden of proving a fraudulent [improper] joinder is a heavy one" that is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983). Specifically, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted).

Here, Defendants Infinity Surety Agency, LLC and George D. Black ("Defendants") removed this action from state court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In removing the case, Defendants argued that the Louisiana citizenship of Defendant Infinity Surety of Louisiana, Inc., should be ignored because Plaintiffs had improperly joined that company as a defendant to this action.[1] Plaintiffs disagreed, urging that Defendants could not meet their burden of demonstrating that Plaintiffs had no viable claim against the Louisiana defendant.

Having reviewed the parties's submissions, the Court is skeptical of the viability of Plaintiffs' claim against the Louisiana defendant – Defendant Infinity Surety of Louisiana, Inc. Plaintiffs' reply memorandum, however, asserts that, because one of the members of Plaintiff Benetech, LLC is a Texas citizen, as are the removing defendants, diversity of citizenship is not

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See, e.g., Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). Nevertheless, the term "fraudulent joinder" is still frequently used.

2

complete as required to give this Court subject matter jurisdiction. On the showing made, the Court must agree. The citizenship of a limited liability company is determined by the citizenship of all of it members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiffs' assertion that one of Benetech, LLC's members, William J. Bennett, is a Texas citizen has not been controverted by Defendants. Accordingly, the Court finds that the removing defendants have not borne their burden of demonstrating the Court's removal jurisdiction.

New Orleans, Louisiana, this 27th day of August 2010.

_____
**Kurt D. Engelhardt**
**United States District Judge**